# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

        v.      Criminal Case No. 11-30007-001

**JOHN SHARP**                                                                  **DEFENDANT**

## O R D E R

    Now on this 1st day of October, 2012, comes on for consideration defendant's **Motion To Vacate Conviction And To Dismiss Indictment** (document #37), and from said motion, and the response thereto, the Court finds and orders as follows:

    1. Defendant John Sharp ("Sharp") entered a conditional guilty plea to one count of violating **18 U.S.C. § 2250** for traveling in interstate commerce and knowingly failing to register as a sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"). He was sentenced to a term of imprisonment which he is now serving.

    2. Sharp appealed his conviction, and the case was remanded for this Court to consider his contention that congressional delegation of authority to the Attorney General found in **42 U.S.C. § 16913(d)** violates the Constitution's nondelegation doctrine because it does not contain an intelligible principle to guide the Attorney General in applying SORNA to state sex offenders convicted prior to its enactment.

    3. The Court directed supplemental briefing on the issue, and those briefs have been filed. The matter is now ripe for

decision.

4. Sharp was convicted as a sex offender under Kansas law in 1998, and SORNA became effective in 2006. The Indictment charges Sharp with failing to register under SORNA between February 9, 2010, and March 25, 2011.

The Attorney General first promulgated an interim rule specifying that SORNA is applicable to sex offenders whose conviction predated SORNA on February 28, 2007. **Reynolds v. United States**, **132 S.Ct. 975, 979 (2012)**. If the authority delegated by SORNA to the Attorney General to make this specification is unconstitutional, Sharp's conviction must be vacated and the Indictment dismissed.

5. Sharp contends that **§ 16913(d)** is an unconstitutional delegation of legislative power to the executive branch of the government, because it gives the Attorney General "the legislative duty of deciding if the registration requirements of § 16913 are applicable to pre-enactment offenders, without any intelligible principles to guide him" (document #37, page 3).

6. The government's response to Sharp's motion is that "every court of appeals to decide a non-delegation challenge to SORNA on its merits has rejected it" (document #38, page 11). It cites **United States v. Stewart**, **461 Fed.Appx. 349 (4th Cir. 2012)**; **U.S. v. Guzman**, **591 F.3d 83 (2nd Cir. 2010)**; **U.S. v. Whaley**, **577 F.3d 254 (5th Cir. 2009)**; **U.S. v. Ambert**, **561 F.3d 1202 (11th Cir.**

**2009);** and **U.S. v. Dixon, 551 F.3d 578 (7th Cir. 2008), reversed on other grounds** *sub nom* **Carr v. U.S., 130 S.Ct. 2229 (2010).**

7. The contours of this constitutional "delegation of powers" issue are outlined in **Mistretta v. U.S., 488 U.S. 361, 371-72 (1989),** as follows:

> [t]he nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of Government. The Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States," U.S. Const., Art. I, § 1, and we long have insisted that "the integrity and maintenance of the system of government ordained by the Constitution" mandate that Congress generally cannot delegate its legislative power to another Branch. *Field v. Clark*, 143 U.S. 649, 692 (1892). We also have recognized, however, that the separation-of-powers principle, and the nondelegation doctrine in particular, do not prevent Congress from obtaining the assistance of its coordinate Branches. In a passage now enshrined in our jurisprudence, Chief Justice Taft, writing for the Court, explained our approach to such cooperative ventures: "In determining what [Congress] may do in seeking assistance from another branch, the extent and character of that assistance must be fixed according to common sense and the inherent necessities of the government co-ordination." *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 406 (1928). So long as Congress "shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power." *Id.*, at 409.

Summarizing cases which had applied the "intelligible principle" test, the Court in **Mistretta** concluded that it is "'constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the

-3-

boundaries of this delegated authority'." **488 U.S. at 372-73,** quoting **American Power & Light Co. v. SEC, 329 U.S. 90, 105 (1946).**

8. SORNA clearly delineates its general policy, in **42 U.S.C. § 16901:** to "establish[] a comprehensive national system" for the registration of sex offenders, "to protect the public from sex offenders and offenders against children."

9. SORNA clearly delineates the public agency which is to apply it. "The Attorney General shall issue guidelines and regulations to interpret and implement this title." **42 U.S.C. § 16912(b).** "The Attorney General shall have the authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act [enacted July 27, 2006] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b)." **42 U.S.C. § 16913(d).**

Additional powers and duties of the Attorney General are set out in **§§ 16914 - 16929.**

10. SORNA clearly delineates the boundaries of the delegated authority. As explained in **Ambert**,

> Congress made virtually every legislative determination in enacting SORNA, which has the effect of constricting the Attorney General's discretion to a narrow and defined category. Thus, for example, Congress defined the crime which necessitate registration (42 U.S.C. §

16911); where the offender must register (42 U.S.C. § 16913(a)); the time period for registration (42 U.S.C. § 16913(b)); the method of registration (42 U.S.C. § 16913(b), (c)); the nature of information that registrants must provide (42 U.S.C. § 16914(a)(1)-(7)); the elements of the new federal crime (18 U.S.C. § 2250(a)); and the penalty for violation (18 U.S.C. § 2250(a)). These legislative determinations, read *in pari materia* with § 16913(d), have informed the delegation to the Attorney General in a sufficiently clear way. The Attorney General is left only with the discretion to determine whether this statute and all of its attendant requirements articulated by the legislature apply to a particular, capped class of offenders - *i.e.* those convicted prior to July 27, 2006.

**U.S. v. Ambert**, *supra*, **561 F.3d at 1214**.

11. Based on the foregoing analysis, the Court finds that SORNA is constitutionally sufficient because Congress clearly delineates its general policy, the public agency which is to apply it, and the boundaries of the delegated authority. For these reasons, Sharp's Motion To Vacate Conviction And to Dismiss Indictment (document #37) will be denied.

**IT IS THEREFORE ORDERED** that Sharp's **Motion To Vacate Conviction And To Dismiss Indictment** (document #37) is **denied.**

**IT IS SO ORDERED.**

                           /s/ Jimm Larry Hendren
                           **JIMM LARRY HENDREN**
                           **UNITED STATES DISTRICT JUDGE**